UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**TIMOTHY M. JOHNSTON,**

                                Petitioner,

              v.                                    9:01-CV-1770 (NAM/GJD)

**DANIEL SENKOWSKI, Superintendent,**

                                Respondent.
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:
BIANCO LAW OFFICES
RANDI JUDA BIANCO, Esq., of Counsel
The Hogan Building, Suite 202
247 West Fayette Street
Syracuse, New York 13202
Attorneys for Petitioner

HON. ELIOT SPITZER
Office of the Attorney General, State of New York
SENTA B. SIUDA, Esq., Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Respondent

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

      Petitioner, an inmate in the custody of the New York State Department of Correctional Services, brought this proceeding for habeas corpus under 28 U.S.C. § 2254.  Petitioner's application was referred to United States Magistrate Judge Gustave J. DiBianco for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4.

      Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report-recommendation to which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL

599355,*2-*3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report-recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

Magistrate Judge DiBianco concludes that petitioner failed to exhaust his state court remedies and recommends that this action be stayed to afford petitioner the opportunity to return to state court to exhaust his claims.  Both petitioner and respondent object.  On review of the record and in light of a recent Supreme Court decision, handed down subsequent to the issuance of the Report and Recommendation, *see Rhines v. Weber*, __ U.S. __, 125 S.Ct. 1528, 2005 WL 71158712, *5 (2005), the Court denies the petition on the merits.

## DISCUSSION

The Court adopts Magistrate Judge DiBianco's thorough recitation of the facts and procedural history of the case.  After a jury trial, petitioner was convicted in Madison County Court of second degree aggravated sexual abuse and first degree sexual abuse arising from an incident involving a five-year-old girl occurring while he was a teacher at a nursery school.  His conviction was affirmed on appeal.  *See People v. Johnston*, 709 N.Y.S.2d 230 (3d Dep't 2000), *leave to appeal denied*, 95 N.Y.2d 935 (2000).

In his habeas corpus petition, petitioner claims that: 1) he was denied the effective assistance of trial counsel; 2) the evidence adduced at trial was legally insufficient to establish his guilt as to either of the two convictions; 3) County Court's ruling precluding him from calling an expert witness wrongfully deprived petitioner of his right to present a complete defense; and 4) petitioner was denied due process at his sentencing because the judge refused to consider letters submitted to the court on petitioner's behalf.  In opposition, respondent argues

that a portion of the petition is unexhausted and that all of the claims raised in the petition lack merit.

Before a federal court may grant habeas corpus relief to a prisoner in custody pursuant to a state conviction, the prisoner must exhaust his or her state court remedies as to every claim. 28 U.S.C. § 2254(b)(1), *see Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). Under the exhaustion doctrine, the habeas petitioner must have placed before the state court all of the essential factual allegations asserted in his federal petition. *See Daye v. Attorney General of State of New York*, 696 F.2d 186, 191 (2d Cir. 1982). For example, in the context of an ineffective assistance of counsel claim, which can turn on the cumulative effect of all of counsel's actions, the Second Circuit has held that all allegations of ineffective assistance should be reviewed together. *See Caballero v. Keane*, 42 F.3d 738, 740-741 (2d Cir. 1994). Dismissal on the ground of non-exhaustion is not required, however, when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 260.

Likewise, the petitioner must have placed before the state court essentially the same legal doctrine asserted in his federal petition. *See Daye*, 696 F.2d at 192. The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis is "substantially different" from that asserted in state court. *See id.* This requirement should not be interpreted too narrowly, however; it requires "'only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims.'" *Galdamez*, 394 F.3d at 72 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original)). The exhaustion requirement is satisfied where the ultimate question for disposition of the habeas

-3-

petition is substantially the same as that addressed by the state court despite variations in the legal theory urged in its support. *See Sanders v. United States*, 373 U.S. 1, 16 (1963).

Where an issue has been exhausted in the state courts, the standard of review in a habeas corpus proceeding depends upon whether the state court considered petitioner's constitutional claims on the merits. AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(e)(1) provides that in a habeas corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct." The burden is on the applicant to rebut the presumption of correctness "by clear and convincing evidence." Where the state court has not adjudicated a claim on the merits, the pre-AEDPA standard of review applies, and the court reviews *de novo* both questions of law and mixed questions of law and fact. *See Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

The Report and Recommendation concludes that petitioner's habeas corpus petition is a "mixed" petition, that is, that it includes claims that have been exhausted as well as claims that have not. In connection with the first ground alleged in the petition, the magistrate judge states that although petitioner raised the claim of ineffective assistance of counsel in his direct appeal, petitioner did not at that time advance the specific contention he raises now, *i.e.*, that his trial counsel's failure to offer medical evidence from Dr. Michael R. Jordan or to confront the

-4-

prosecution's experts with specified articles which would challenge their medical opinion constituted ineffective assistance. With regard to the second ground in the petition, the Report and Recommendation states that petitioner did not assert on direct appeal that the trial evidence was insufficient to establish that the victim had sustained physical injury as a result of his alleged conduct. And with respect to the third ground, the Report and Recommendation states that petitioner now relies upon materials that have never been presented to the state courts in support of his assertion that his expert was wrongfully precluded from testifying concerning the unreliability of child witness testimony. Accordingly, the magistrate judge concludes, these issues are unexhausted. He thus recommends the "stay and abeyance" procedure approved by the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), wherein the habeas court stays further proceedings on the exhausted claims of the petition and holds them in abeyance while the petitioner returns to state court to exhaust the unexhausted claims.

Subsequent to the issuance of the Report and Recommendation, the United States Supreme Court approved the "stay and abeyance" procedure, but with limitations. *Rhines v. Weber*, __ U.S. __, 125 S.Ct. 1528, 2005 WL 71158712, *5 (2005). In particular, the *Rhines* court noted that one of the purposes of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, is to reduce delays in the execution of state and federal criminal sentences, and observed:

> Stay and abeyance, if employed too frequently, has the potential to undermine ... [the purposes of AEDPA]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
>
> For these reasons, stay and abeyance should be available only in limited

> circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

(Citations and parentheticals omitted.) Habeas courts have always had the authority under AEDPA to deny meritless but unexhausted petitions, 28 U.S.C. § 2254(b)(2), and the *Rhines* court recognizes that failure to do so in proper cases frustrates AEDPA's goals of encouraging finality and reducing delays. Accordingly, *Rhines* strongly encourages habeas courts to exercise their discretion to deny habeas petitions on the merits where appropriate.

**Ineffective assistance of counsel**

Petitioner's brief on direct appeal from his conviction argued that he did not have effective assistance of counsel as follows:

> A defendant has the right to call a medical expert regarding criminal sexual abuse charges. Where potential testimony and evidence could possibly have exonerated the defendant and contradicted the prosecution's medical evidence, failure of defense counsel to call a medical expert clearly prejudiced appellant and resulted in a fundamentally unfair trial.
>
> In the instant case, appellant's trial counsel made the decision not to call Dr. Baum as an expert witness for the defense. Testimony of Dr. Baum would have been vital to the defense to show alternative findings of the injuries sustained to ... [the victim].
>
> Dr. Baum's testimony would have given logical explanations for the injuries [the victim] sustained. Dr. Baum's testimony would have revealed that [the victim's] injuries may have resulted from irritation associated with the presumed urinary tract infection or from the child scratching herself[.]

(Citations omitted.) The Appellate Division explicitly stated that it had considered petitioner's contention of ineffective assistance of counsel and found it to be without merit.

In his habeas corpus petition, petitioner contends that counsel was ineffective on various

grounds, particularly in failing to present medical expert testimony and failing adequately to cross examine the medical experts who testified for the prosecution. He claims that the medical testimony was the "linchpin" of the prosecution's case and that the failure to offer medical testimony "like the testimony of Dr. Jordan" prejudiced the defense. Attached to the petition is a report from Michael R. Jordan, M.D., who states that he reviewed the victim's medical records and the trial transcript. He states:

> The one area of difference that I have with the physician ... is in the area of the urinalysis and the urinary findings. Specifically, it is my opinion that one cannot exclude the diagnosis of a urinary tract infection based on the information so far provided. It is my opinion that [the victim's] urine could be consistent with a urinary tract infection and the findings of the urine culture did not exclude the possibility of urinary tract infection.

Dr. Jordan explains in further detail the basis for this opinion. He then states: "In summary, my medical findings are essentially consistent with the interpretation of Dr. Ann Botash, except for my opinion that this girl could [have] also suffered from a urinary tract infection[.]"

The clear purpose of petitioner's proffer of this report is to show that there was available medical evidence of an alternative explanation for the child's symptoms. As may be seen from the above-quoted portion of petitioner's brief to the Appellate Division, this is the same issue that was raised on direct appeal. Indeed, petitioner argued before the Appellate Division that counsel should have introduced the testimony of Dr. Baum to the effect that the victim's injuries "may have resulted from irritation associated with the presumed urinary tract infection or from the child scratching herself[.]"

The Court does not read the habeas corpus petition as introducing substantially different evidence in the form of Dr. Jordan's report. Nor does it advance a substantially different legal argument based on that report. Rather, Dr. Jordan's report merely supplements the argument,

made before the Appellate Division, that there was available exculpatory medical evidence which defense counsel should have introduced. The Court concludes that petitioner's allegations of ineffective assistance were fully presented to the state courts, allowing them the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole. *See Vasquez*, 474 U.S. at 260; *cf. Caballero*, 42 F.3d at 740-41. Likewise, the medical articles in issue are merely supplemental to petitioner's argument on appeal. Accordingly, the Court concludes that this issue was exhausted on direct appeal.

It is clear from its memorandum decision that the Appellate Division decided the issue of effective representation on the merits. Under the AEDPA standard of review, there is no basis to find that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts. This Court has thoroughly reviewed the record and concludes that defense counsel provided an effective defense. The Court notes that defense counsel thoroughly cross-examined the medical witnesses and presented a cogent summation based on the evidence.

In any event, even if Dr. Jordan's report is viewed as not merely supplemental, but rather as introducing new evidence – that is, even if the issue of adequate representation is treated as unexhausted – petitioner would not be entitled to relief. As noted, AEDPA permits a court to deny an application for a writ of habeas corpus where it plainly lacks merit, notwithstanding a petitioner's failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2); *see Rhines*, 2005 WL 711587 at *5. Dr. Jordan's report does not advance petitioner's argument that there was exculpatory medical evidence which should have been presented by defense counsel; in fact, Dr.

Jordan's report is not exculpatory. While stating that the child may have had a urinary tract infection, the report does <u>not</u> state that the presence of such an infection would provide an alternative explanation for the child's injuries. The medical evidence at trial – wholly unrefuted by Dr. Jordan – demonstrates that a urinary tract infection if present would be consistent with some of the child's symptoms, but could not explain the presence of the most highly significant symptoms, in particular the abrasions and a small fissure on the child's hymeneal area. Indeed, Dr. Jordan stated: "[M]y medical findings are essentially consistent with the interpretation of Dr. Ann Botash, except for my opinion that this girl could [have] also suffered from a urinary tract infection[.]" Thus, Dr. Jordan's report does not demonstrate the existence of medical evidence which could provide an alternative explanation for the child's injuries and which could therefore create doubt regarding whether the child had been sexually abused. Therefore, there is no basis to find that counsel should have introduced medical evidence or that his failure to do so supports petitioner's claim of ineffective representation.

Petitioner also contends that counsel did not adequately cross-examine the medical witnesses. The trial transcript establishes that this claim is meritless. The Court has reviewed the cumulative impact of petitioner's contentions on this issue and finds that they plainly lack merit. Accordingly, even assuming that the claim of ineffective assistance was unexhausted, a stay is not warranted because the claim is meritless.

**Sufficiency of the evidence**

Petitioner next contends that the evidence was insufficient to support the guilty verdicts. This issue was discussed in substantial depth in petitioner's brief on direct appeal and was addressed and rejected on the merits by the Appellate Division. In support of his habeas corpus

petition, petitioner raises two points regarding the sufficiency of the evidence. First is that the victim could not identify him in court. This point was raised before the Appellate Division and rejected on the merits.

Second, petitioner argues that the evidence was insufficient to establish the offense of aggravated sexual abuse, second degree, because there was no evidence of "physical injury." New York law defines physical injury as an "injury causing either the impairment of a physical condition or substantial pain." N.Y. Penal Law §10.00(9). As the Report and Recommendation noted, petitioner did not raise on direct appeal the contention that the trial evidence was insufficient to convict because it did not establish physical injury.

On this record it is questionable whether the present claim of insufficiency based on the alleged lack of evidence of physical injury constitutes a claim whose fundamental legal basis is "substantially different" from the claim of insufficiency asserted in state court.[1] *See Daye*, 696 F.2d at 192. Even assuming that the issue of the sufficiency of the proof of physical injury was not exhausted, however, the Court finds that it is wholly lacking in merit. The standard of review of an insufficiency claim by a federal habeas court is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The question of the degree of pain involved was raised with all of the

---

[1] As noted, the ultimate question of the overall sufficiency of the evidence to support the convictions was raised in petitioner's appellate brief and decided on the merits. On direct appeal petitioner contended that the child's symptoms could have been caused by tight clothing, by the child scratching herself, or even by the medical examinations. In other words, petitioner argued that the evidence was insufficient to show that petitioner caused injury to the child.

medical witnesses on both direct and cross examination. Dr. Botash testified regarding the degree of pain that infliction of the victim's injuries would have caused and concluded that it would be "very painful" and would involve "significant pain." The physician's assistant testified that it would have caused "a moderate amount" or "a good deal" of pain. And Dr. John Bowen testified that "it would hurt" and would be "medium painful." It cannot be said that no rational trier of fact could have found physical injury beyond a reasonable doubt.

This Court has thoroughly reviewed the record and concludes that the evidence was sufficient to establish petitioner's guilt on both counts. Regardless of whether the court views the claim as exhausted or unexhausted, or whether it was or was not considered on the merits in the Appellate Division, this claim plainly lacks merit.

**Preclusion of petitioner's expert witness**

The next point in petitioner's habeas corpus petition is that he was wrongfully deprived of his right to present a complete defense by County Court's preclusion of the expert witness evidence of Dr. Michael Toglia concerning the unreliability of child witness testimony. This issue was briefed on direct appeal. The Appellate Division held:

> Here, after reviewing defendant's offer of proof, County Court rationally concluded that the subject matter was within the jurors' common knowledge and experience based on answers elicited from the jurors and recorded by the court during voir dire indicating that they were aware of the effects of suggestion on children. Moreover, there is support in this record for County Court's additional basis for precluding defendant's expert on the ground that such opinions had not received general acceptance in the field of psychology.

709 N.Y.S.2d at 236. The Report and Recommendation points out that petitioner now relies upon materials that have never been presented to the state courts in support of his assertion that his expert was wrongfully precluded from testifying and that therefore the issue has not been

exhausted.

This Court concludes that this evidence supplements, but does not fundamentally alter, the claim presented to the state courts. *See Vasquez*, 474 U.S. at 260. The question of the preclusion of Dr. Toglia's testimony was raised in petitioner's appellate brief and decided by the Appellate Division on the merits. There is no basis to find that the state court adjudication of this issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts. This point does not warrant relief.

**Sentence**

The final contention in the habeas corpus petition is that petitioner was denied due process at his sentencing because the judge refused to consider letters submitted to the court on petitioner's behalf. This issue was exhausted in the context of petitioner's argument to the Appellate Division that the sentence was harsh and excessive. The Appellate Division expressly found that petitioner's claim of the excessiveness of his sentence was without merit. This Court has thoroughly reviewed the record and concludes that there is no basis to find that the state court proceedings concerning the sentence resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts.

## CONCLUSION

For the reasons set forth above, the Court denies and dismisses the petition on the merits in its entirety.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Gustave J. DiBianco is accepted in part and rejected in part; and it is further

ORDERED that the petition is denied and dismissed on the merits.

IT IS SO ORDERED.

June 9, 2005
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge